**Thomas D. JONES, Appellant,**

v.

**Larry D. KINDER, Appellee.**

**No. 07–89–0385–CV.**

Court of Appeals of Texas, Amarillo.

April 16, 1991.

Rehearing Overruled May 1, 1991.

Russel L. Robinson, Amarillo, for appellant.

Underwood Wilson Berry Stein & Johnson, P.C., Patrick B. Mosley, Amarillo, for appellee.

Before REYNOLDS, C.J. and DODSON and POFF, JJ.

POFF, Justice.

Thomas D. Jones (Jones), appellant, sued Larry D. Kinder (Kinder), appellee, for negligence to recover damages resulting from an automobile accident which occurred at the intersection of Amarillo Boulevard and Lincoln Street in Amarillo, Texas on March 28, 1988. At trial, a jury found the dam-ages to total $7,246.22, and due to his negligence, the jury attributed seventy percent (70%) of the responsibility for those damages to Kinder. Finding that Jones was also negligent in proximately causing the accident, the jury assessed the remaining thirty percent (30%) of responsibility to him. The Trial Court entered judgment pursuant to this verdict by awarding recovery for Jones in the amount of $5,072.35. From this judgment, Jones appeals.

In Jones' first four (4) points of error, he alleges various no evidence points. In point of error one (1), Jones contends that the Trial Court erred in submitting a comparative negligence question to the jury because there was no evidence to support its submission. In point of error two (2), Jones contends that the record is devoid of any evidence to support the jury's finding that he was negligent. In point of error three (3), he asserts that the Trial Court erred in overruling his Motion to Disregard Findings on Written Questions, Motion for Additional Findings and Motion for Entry of Judgment because there was no evidence that he was negligent. In point of error four (4), Jones maintains that the Trial Court erred in denying his Motion for a New Trial because there was no evidence that he was negligent. In point of error five (5), appellant claims that the Trial Court erred in denying his Motion for a New Trial because the jury's finding that he was negligent is against the great weight and preponderance of the evidence. In point of error six (6), Jones further contends that the Trial Court erred in excluding the testimony of a witness. Finding no reversible error in the judgment, we affirm.

In point of error one (1), Jones contends that the Trial Court erred in submitting the negligence question in a comparative form because there was no evidence of negligence on his part. This being the only basis for Jones' objection and having made no proper request for an alternative question, Jones' first point of error will be resolved by our determination of point of error two (2).

In point of error two (2), Jones contends that there was no evidence to support the jury's finding that he was negligent. The standard of review of a no evidence point requires us to look only to the evidence tending to support the jury's verdict and to disregard all evidence to the contrary. *Mancorp, Inc. v. Culpepper*, 802 S.W.2d 226, 227 (Tex.1990); *Garza v. Alviar*, 395 S.W.2d 821, 823 (Tex.1965); *Raw Hide Oil & Gas, Inc. v. Maxus Exploration Company*, 766 S.W.2d 264, 276 (Tex.App.—Amarillo 1988, *writ denied*). We may not overturn the finding if it contains more than a scintilla of evidence to support the finding. *Mancorp, supra* at 228.

The record reveals that both Jones and his wife testified that she was "cutting up" or playing with their children at the time of the accident. Jones stated further that it was possible that he was distracted by such activity and that such a distraction possibly prevented him from seeing Kinder's car coming out of the intersection. Jones also agreed that he "just blinked and [Kinder] was there."

Citing *Martinez v. Delta Brands, Inc.*, 515 S.W.2d 263 (Tex.1974), Jones argues that this testimony amounts to no more than a scintilla; thus, there was no evidence to support the jury finding. In order to find more than a scintilla of evidence, we need only find that the testimony has a degree of probative force which raises more than a mere surmise or suspicion. *Joske v. Irvine*, 91 Tex. 574, 44 S.W. 1059, 1063 (1898). While we agree with the statement of law propounded in *Martinez, supra*, we find it to be of little help to Jones. Jones' negligence may be reasonably inferred from the direct evidence that he was possibly distracted by his wife and children. The jury was free to accept or reject any of the witnesses' testimony, and it is their duty to determine the weight to be given that testimony. *Benoit v. Wilson*, 150 Tex. 273, 239 S.W.2d 792, 796 (1951). We find that the record contains more than a scintilla of evidence to support the jury's finding that Jones was negligent, and the verdict must be sustained. Points of error one (1) and two (2) are overruled.

Likewise, we must overrule point of error three (3) in which Jones contends that the Trial Court erred in overruling his motions: (1) to Disregard Findings on Written Questions; (2) for Additional Findings; and (3) for Entry of Judgment. The assertion is premised on the contention that there was no evidence to support the finding of Jones' negligence. Having previously determined that more than a scintilla of evidence was presented to the jury which is supportive of their finding, point of error three (3) is also overruled.

In his fourth and fifth points of error, Jones alleges that the Trial Court erred in not granting his Motion for New Trial because there was no evidence of his negligence. He also argues that the finding of negligence on his part is against the great weight and preponderance of the evidence. The denial of a motion for new trial will be reversed only upon a showing of an abuse of discretion. *Grissom v. Watson*, 704 S.W.2d 325, 326 (Tex.1986); *Strackbein v. Prewitt*, 671 S.W.2d 37, 38 (Tex.1984). In order to show such abuse, Jones must demonstrate that the Trial Court acted arbitrarily without reference to any guiding rules or principles. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (1985), *cert. denied*, 476 U.S. 1159, 106 S.Ct. 2279, 90 L.Ed.2d 721 (1986).

Consistent with our finding that there was some evidence to support the jury's finding of Jones' negligence, we find that the Trial Court's denial of a new trial was not an abuse of discretion. Therefore, Jones' fourth point is overruled.

The fifth point being a factual insufficiency point, we will consider all the evidence both in support of and in conflict with the finding. *Plas–Tex, Inc. v. United States Steel Corp.*, 772 S.W.2d 442, 445 (Tex.1989); *In re King's Estate*, 150 Tex. 662, 664–65, 244 S.W.2d 660, 661 (1951). The point of error will be sustained only if we find that the evidence supportive of the finding is so weak or the answer so contrary to the overwhelming weight of the evidence, as to be clearly wrong and manifestly unjust. *Garza, supra* at 823; *Raw Hide, supra* at 276. In addition to showing

Kinder's failure to yield the right of way to Jones, the record also illustrates that Jones' wife and children distracted him, diverting his attention from his driving and causing him to "blink."

We may not substitute our own judgment for that of the jury, *Cropper v. Caterpillar Tractor Company*, 754 S.W.2d 646, 651 (Tex.1988), because it was the jury's duty to weigh all of the testimony brought before the court. It was the jury's duty to determine whether or not the "possible" distraction, as stated by Jones, did in fact divert his attention from driving. Having so found, it was also for the jury to decide whether or not such a diversion of Jones' attention proximately contributed to the accident, and if so, to what degree. We find that the jury's determination that Jones' negligence proximately caused thirty percent (30%) of the damages is not so against the overwhelming weight of the evidence to be manifestly unjust and clearly wrong. Consequently, we cannot say that the Trial Court's denial of a new trial was an abuse of discretion, and we overrule point of error five (5).

In his sixth point of error, Jones contends that the Trial Court erred in excluding the testimony of Dr. Temple Elliott, a clinical psychologist. When Jones called Dr. Elliott to testify, Kinder's counsel sought a bench conference. The jury was excused, and counsel and the court entered into a discussion concerning Jones' right to examine Dr. Elliott. Kinder contended Jones' failure to verify his supplemental answer to an interrogatory, in which he listed the doctor as a testifying expert witness, was in violation of Texas Rule of Civil Procedure [1] 166b and 168. The record reflects no precise ruling on the objection, but it is clear Dr. Elliott did not testify. We find the record adequately indicates that the court sustained Kinder's objection and excluded Dr. Elliott's testimony. Immediately prior to the charge conference, Jones perfected a bill of exceptions containing Dr. Elliott's testimony. After the examination was completed, Jones did not offer the testimony into evidence, nor did the Trial Court make any further ruling on the matter. Also, Jones did not object to the Trial Court's failure to rule. Kinder contends Jones' inaction resulted in the error, if any, not being preserved.

In order to preserve error, rule 52(b) of the Texas Rules of Appellate Procedure and the approved practice requires that the record show: (1) the court's awareness of the substance of the evidence sought to be admitted; *and* (2) the court's adverse ruling to its admission or, after timely request for a ruling, the court's affirmative refusal to do so. *Raw Hide, supra* at 274–75. We agree that this practice is required when a trial judge must determine whether *particular evidence* is admissible, *i.e. relevance, prejudicial effect, character, habit, hearsay, etc.* Nonetheless, we find the instant case to be distinguishable.

In the instant case, Kinder does not contend that the Trial Court was not made aware of the substance of the evidence. Instead, Kinder contends that Jones has failed to preserve the alleged error by not obtaining a ruling or objecting to the court's failure to rule on admissibility of the evidence. *Greenstein, Logan & Company, et al. v. Burgess Marketing, Inc., et al.*, 744 S.W.2d 170, 181 (Tex.App.—Waco 1987, *writ denied*).

■ The Trial Court's exclusion of the evidence in the instant case was not premised upon the substance of the proffered testimony; rather, the court's action was based upon Jones' perceived failure to follow a procedural rule, by failing to properly supplement (by verification) answers to interrogatories. Since hearing the substance of the testimony would not affect the trial judge's decision, the testimony need not be reoffered, nor need counsel obtain an additional ruling. Once the trial judge has disqualified a witness and precluded the witness from testifying due to a perceived violation of a procedural rule, as opposed to excluding testimony due to its

**1.** All additional references to the Rules allude to the Texas Rules of Civil Procedure, unless otherwise noted.

substance, we find error is preserved without the need to reoffer the bill of exception testimony and without the need to obtain a subsequent ruling.[2] Thus, we find Jones has preserved error.

Since his sixth point of error asserts wrongful exclusion of evidence, Jones is burdened with establishing: (1) an error committed by the Trial Court; and (2) that the error was reasonably calculated to cause and probably did cause rendition of an improper judgment. *Gee v. Liberty Mutual Fire Insurance Company*, 765 S.W.2d 394, 396 (Tex.1989); Tex.R.App.P. 81(b). Pursuant to rule 215(5),[3] the Trial Court excluded the testimony due to Jones' failure to verify his supplemental answers to interrogatories.

■ Rule 168 requires answers to interrogatories to be "fully in writing under oath" and "signed and verified by the person making them." Rule 166b(6)(b) requires supplementation of interrogatories and disclosure of expert witnesses not previously disclosed, "as soon as is practical, but in no event less than thirty (30) days prior to the beginning of trial except on leave of court."

Thirty-two (32) days prior to trial, Jones supplemented his answer to Kinder's interrogatory requesting disclosure of testifying expert witnesses by adding Dr. Elliott. However, the supplementation was not verified by Jones. Without citation to direct authority,[4] Jones argues that Kinder's failure to object to the lack of verification until trial amounted to a waiver of the defect. We disagree. Kinder did not waive the alleged error because "a party has no duty

to remind another party to abide by the Rules of Civil Procedure." *Sharp v. Broadway National Bank*, 784 S.W.2d 669, 671–72 (Tex.1990) (*per curiam*).

■ Nevertheless, we find that verification of a supplement of answers to interrogatories is not necessary. Rule 166b(6) only requires supplementation, if indicated, "as soon as practical, but in no event less than thirty (30) days prior to the beginning of trial except on leave of court." The rule is significantly devoid of a verification requirement, and we will not graft such a requirement onto the rule from Rule 168(5).

Kinder argues that a party's failure to timely supplement answers to a request to disclose testifying expert witnesses requires the automatic exclusion of the testimony unless the Trial Court finds that the party offering the testimony shows good cause for failing to supplement. *See Rainbo Baking Company v. Stafford*, 787 S.W.2d 41 (Tex.1990) (*per curiam*); *Sharp, supra; Boothe v. Hausler*, 766 S.W.2d 788 (Tex.1989) (*per curiam*); *Gee, supra* at 395–96; and *Morrow v. H.E.B., Inc.*, 714 S.W.2d 297 (Tex.1986) (*per curiam, on rehearing*). *See also, Mancorp, supra* at 230. We do not doubt the conclusiveness of those authorities on the issue of *failure* to timely supplement, but we can find no authority to support Kinder's position that supplementation under Rule 166b(6)(b) requires an additional verification as required for original answers to interrogatories under Rule 168(5).[5]

---

**2.** Procuring a bill of exceptions of the proposed, but excluded, testimony is necessary in order that the appellate court may, if error is found, determine whether the error was harmful.

**3.** Rule 215(5) states that a party who fails to make supplemental discovery responses which are relevant to evidence the party desires to introduce at trial shall be precluded from admitting such evidence.

**4.** In support of this proposition, Jones cites *McKinney v. National Union Fire Insurance Company of Pittsburgh, Pennsylvania*, 772 S.W.2d 72 (Tex.1989) (on motion for rehearing). In so doing, Jones misconstrues the Supreme

Court's holding that Tex.R.Civ.P. 166b(4) "allow[s] either party to request a hearing on objections to discovery." *Id.* at 75.

**5.** The nearest analogy supportive of Kinder's position is found in *Sharp, supra,* where the Supreme Court stated the necessity of supplementing one's answers to interrogatories in writing as required for original answers in Rule 168(5). Since the reasoning behind this rule is to provide notice of testifying witnesses' identities, the writing requirement "avoids the inevitable disputes over who said what when." *Sharp, supra* at 671. We do not find that wholesale incorporation of Rule 168(5) onto Rule 166b(6) was intended by the Supreme Court.

The Supreme Court's goal in adopting the discovery and sanction rules was two-fold: (1) "to encourage full discovery of the issues and facts prior to trial so that the parties could make realistic assessments of their respective positions," *Gee*, supra at 396; and (2) "prevent trial by ambush," *Alvarado v. Farah Manufacturing Company, Inc.*, 34 Tex.Sup.Ct.J. 107, 109 (November 24, 1990).[6] We find no reason necessitating imposition of the sanction against a party who fails to verify his timely, written supplemental answers to interrogatories. An additional verification would not further enhance a party's ability to realistically assess his position or prevent ambush.

"[I]t should not matter that the information was supplied in a less formal manner" as long as "the opposing side is provided all the necessary information to prepare his case for trial." Holman & Keeling, *Disclosure of Witnesses in Texas: The Evolution and Application of Rules 166b(6) and 215(5) of the Texas Rules of Civil Procedure*, 42 Baylor L.Rev. 405, 435 (1990). Consequently, we hold that absent a specific provision in Rule 166b(6), it is not necessary for a party who timely[7] supplements his answers to interrogatories in writing to acquire an additional verification.

■ Having found Dr. Elliott to be properly identified as a testifying expert, it was error for the Trial Court to preclude the jury from hearing the doctor's testimony on the grounds asserted. Our review must next determine whether the error was reasonably calculated to cause and probably did cause rendition of an improper judgment. Tex.R.App.P. 81(b).

In determining the harmfulness of the error, we are obliged to look at the entire record to see whether the excluded testimony was reasonably calculated to cause and probably did cause rendition of an improper judgment. *See Mancorp, supra* at 230. A thorough reading of Dr. Elliott's testimony illustrates the existence and extent of Jones' back problems and the necessary treatment for the injury. The jury was allowed to hear similar testimony from a physical therapist, a chiropractor and a medical doctor. Therefore, the evidence would have been merely cumulative.[8] An error in failing to allow the admission of cumulative evidence is not of such a degree as to be calculated to cause and probably cause rendition of an improper judgment; thus, it was harmless. *See Gee, supra;* Tex.R.App.P. 81(b). Point of error six (6) is overruled.

Having overruled each of Jones' points of error, we affirm the judgment of the Trial Court.

---

6. The cited case also disposes of Jones' argument that even if he erred in failing to verify the supplementation, he was entitled to call a technically "undisclosed" witness for the purpose of rebuttal. The Court correctly states that approving of such a backdoor approach would "encourage the very kind of gamemanship that Rule 215.5 is intended to prevent."

7. Citing *Builder's Equipment Co. v. Onion*, 713 S.W.2d 786 (Tex.App.—San Antonio 1986, *no writ*), Kinder argues that Rule 166b(6)(b) required Jones to supplement his answers sooner than thirty-two (32) days implying that Jones knew of his intent to call Dr. Elliott much sooner. While the rule does require supplemen-

tation "as soon as practical," nothing in the record substantiates the inference urged by Kinder.

8. We have not overlooked the testimony of Dr. Elliott as to additional medical expenses (past and future) as being both reasonable and necessary. However, the expenses were illustrated in documents sought to be introduced into evidence during the bill of exceptions. Kinder objected on grounds that the documents had not previously been produced as directed by a proper request for production. We find the objections to be well founded. Therefore, the evidence was inadmissible.