**Victor L. SOEFJE, Appellant,**

v.

**Robert E. STEWART, Appellee.**

**No. 04–92–00127–CV.**

Court of Appeals of Texas, San Antonio.

Dec. 23, 1992.

Rehearing Denied Jan. 15, 1993.

Larry D. Woody, Victoria, for appellant.

Andy Cline, Law Offices of Andy Cline, San Antonio, for appellee.

Before CHAPA, BIERY and GARCIA, JJ.

OPINION

CHAPA, Justice.

Victor Soefje appeals a judgment finding that appellant violated various provisions of the Texas Business and Commerce Code and the Real Estate License Act due to a alleged fraudulent activities arising out of the sale of land to appellee, Robert E. Stewart.

Appellant raises a total of seven points of error. However, the single dispositive issue before this court is whether the trial court abused its discretion in excluding some of appellant's witnesses because they were named in unverified supplemental answers to appellee's interrogatory. TEX. R.APP.P. 90.

## FACTS

Robert E. Stewart entered into an earnest money contract to buy 139 acres of land in Wilson County from H.E. Stevenson. After the sale, Stewart claimed he discovered for the first time that a vast majority of the land was located in a floodplain. He contended he was told during the real estate transaction that only a small portion of the land was subject to a floodplain.

As a result, appellee filed suit against Stevenson, the land owner, Joe Evans, one of Stevenson's alleged partners, and Victor Soefje, the real estate agent who handled the deal. Appellee sought rescission of the contract and damages. He alleged the transaction was marked by misrepresentation, omission of vital information, and unconscionability.

During pre-trial discovery, appellee served interrogatories on appellant and his co-defendants. In one interrogatory, appellee asked that he be provided with names of appellant's expert witnesses and fact witnesses with personal knowledge of the lawsuit. According to the record, appellant's original answers listed only five witnesses. The record also shows that appellant and his co-defendant's timely supplemented their answers four times pursuant

to Rule 166b(6) of the Texas Rules of Civil Procedure.[1]

Appellant's first supplemental answer filed January 14, 1991, added four names of expert witnesses to the list of names in the original answer. The second supplemental answer dated July 22, 1991 added thirteen names of expert and fact witnesses. The third and fourth supplemental answers, dated August 5, 1991 and August 7, 1991 respectively, added one name each. The supplemental answers were signed by counsel, but not signed or verified by the parties.

After presenting his case at trial, appellee objected to the possibility appellant might call some of the witnesses named in the supplemental answers. Appellee opposed calling the witnesses on the grounds that the supplemental answers failed to type out the interrogatory they referred to, that the defendants did not sign the answers, and that the answers were not notarized. Appellee claimed the supplemental answers amounted to nothing more than letters to counsel and hence violated Rule 168(5) of the Texas Rules of Civil Procedure, which reads in pertinent part:

> The interrogatories shall be answered separately and fully in writing under oath. Answers to interrogatories shall be preceded by the question or interrogatory to which the answer pertains.... The answers shall be signed and verified by the person making them....

Appellant and his co-defendants argued against the objection. Nevertheless, the trial court judge ruled that the failure to comply with Rule 168 triggered an automatic sanction under Rule 215(5) of the

---

1. 6. **Duty to Supplement.** A party who has responded to a request for discovery that was correct and complete when made is under no duty to supplement his response to include information thereafter acquired, except the following shall be supplemented not less than thirty days prior to the beginning of trial....

a. A party is under a duty to reasonably supplement his response if he obtains information upon the basis of which:

(1) he knows that the response was incorrect or incomplete when made;

(2) he knows that the response though correct and complete when made is no longer true and complete and the circumstances are such that failure to amend the answer is in substance misleading; or

b. If the party expects to call an expert witness when the identity or the subject matter of such expert witness' testimony has not been previously disclosed in response to an appropriate inquiry directly addressed to these matters, such response must be supplemented to include the name, address and telephone number of the expert witness....

Texas Rules of Civil Procedure, which reads:

> A party who fails to respond to or supplement his response to a request for discovery shall not be entitled to present evidence which the party was under a duty to provide in a response or supplemental response or to offer the testimony of an expert witness or of any other person having knowledge of discoverable matter, unless the trial court finds that good cause sufficient to require admission exists.

The trial court prevented appellant from calling most of the witnesses listed in the supplemental answers. Several of appellant's expert and fact witnesses were called by appellee during the presentation of his case. However, because of the court's ruling, appellant could only call five witnesses in his defense, even though his final supplemental answer contained a list of twenty-three names of expert and fact witnesses. One of the five witnesses who did testify was restricted to answering several short questions about his knowledge of whether appellee had recorded conversations he had with other witnesses in the case.

Appellant objected to the court's sanction in a motion for mistrial and a motion for a new trial. He also entered formal bills of exceptions, which included depositions of six witnesses appellant would have called had the court not imposed the discovery sanction.

Appellant's co-defendants, Stevenson and Evans, filed for bankruptcy. Their cases were severed from this cause of action. Therefore, only Soefje brings this appeal.

## STANDARD OF REVIEW

"A trial court may impose sanctions on any party that abuses the discovery process.... The discovery sanctions imposed by a trial court are within that court's discretion and will be set aside only if the court clearly abused its discretion." *Bodnow Corp. v. City of Hondo*, 721 S.W.2d 839, 840 (Tex.1986).

In ascertaining whether the trial court abused its discretion, the reviewing court must determine if the trial court acted without reference to any guiding rules and principles. *Morrow v. H.E.B., Inc.*, 714 S.W.2d 297, 298 (Tex.1986). "Another way to state the test is whether the act was arbitrary or unreasonable." *Hanley v. Hanley*, 813 S.W.2d 511, 516 (Tex.App.—Dallas 1991, no writ). This question is decided under the particular facts of each case. *Evans v. State Farm Mut. Automobile Ins. Co.*, 685 S.W.2d 765, 768 (Tex. App.—Houston [1st Dist.] 1985, writ ref'd n.r.e.).

## RULE 215 SANCTION & *TRANSAMERICAN*

Appellant's first three points of error deal with the trial court's imposition of a Rule 215(5) discovery sanction that excluded most of appellant's witnesses. Appellant first argues in his brief that the trial court's ruling to strike witnesses under Rule 215 of the Texas Rules of Civil Procedure constituted a "death penalty" sanction. Death penalty sanction describes "a sanction imposed by the trial court, which, in effect, eliminates a claim, counterclaim, or defense and precludes a decision on the merits of the party's claim, counterclaim, or defense." *Welex v. Broom*, 823 S.W.2d 704, 705 n. 2 (Tex.App.—San Antonio 1992, writ denied). Appellant next contends that because the instant case involves a death penalty sanction, the court's ruling to exclude his witnesses must be reversed in light of the principles set forth in *TransAmerican Natural Gas Co. v. Powell*, 811 S.W.2d 913 (Tex.1991).

The supreme court in *TransAmerican* granted mandamus relief to a party whose pleadings were struck due to alleged discovery abuse. As to discovery sanctions, the supreme court held that "for a sanction to be just, 1) it 'must be directed against the abuse and toward remedying the prejudice caused the innocent party,' which means that 'the sanction should be visited upon the offender' requiring 'the trial court [to] at least attempt to determine whether the offensive conduct is attributable to counsel only, or to the party only, or to both'; (2) and, it 'must not be excessive,' which means that '[t]he punishment should

fit the crime' requiring that 'courts must consider the availability of less stringent sanctions and whether such lesser sanctions would fully promote compliance.' " *Hartford Accident & Indem. Co. v. Abascal*, 831 S.W.2d 559, 562 (Tex.App.—San Antonio 1992, orig. proceeding [leave denied]) (citing *TransAmerican*, 811 S.W.2d at 917).

A review of the case law on death penalty sanctions leaves this court undecided on whether the standards set forth in *TransAmerican* must apply under the circumstances presented here. In the present case, appellant was not entirely deprived of the opportunity to assert a defense, as the trial judge ultimately allowed him to call five witnesses and to present various exhibits as evidence. In *TransAmerican*, the court cited the striking of a party's pleadings, the dismissal of a case, or the rendering a default judgment as examples of a death penalty sanction. *TransAmerican*, 811 S.W.2d at 918. No such sanction was imposed in this case.

Furthermore, the Texas Supreme Court's standards in *TransAmerican* applied to sanctions imposed under Rules 215(2)(b) and 215(3) of the Texas Rules of Civil Procedure, which explicitly require that sanctions be "just." *Id.* at 917. In the present case, the sanction imposed by the trial court fell under Rule 215(5) of the Texas Rules of Civil Procedure, which lacks the "just" requirement. We note, however, that several recent cases have gone so far as to apply the *TransAmerican* test to Rule 215(5). *See Pilgrim's Pride Corp. v. Thompson*, 818 S.W.2d 185, 190 (Tex. App.—Tyler 1991, orig. proceeding). *Cf. Smith v. Southwest Feed Yards*, 835 S.W.2d 89, 93–95 (Tex.1992) (concurring opinions of J. Gonzalez and J. Hecht).

Therefore, we will address the dispositive issue under the standards of *TransAmerican* and the Texas Rules of Civil Procedure 166b(6) and 168(5).

### RULES 166B(6) AND 168(5)

■ Appellee argued to the trial court that appellant's witnesses should not be allowed to testify because his supplemental answers failed to type out the interrogatory they referred to, that the defendants did not sign the answers, and that the answers were not verified. As to the issue of verification, we find no authority which supports the argument a supplemental answer must be verified. Rule 168(5) requires only that the original answer be verified. "Rule 166b(6) [the duty to supplement rule] ... is significantly devoid of a verification requirement, and we will not graft such a requirement onto the rule from Rule 168(5)." *Jones v. Kinder*, 807 S.W.2d 868, 872 (Tex.App.—Amarillo 1991, writ requested). *See also Kramer v. Lewisville Memorial Hosp.*, 831 S.W.2d 46, 48 (Tex. App.—Fort Worth 1992, n.w.h.); *Circle Y v. Blevins*, 826 S.W.2d 753, 756 (Tex.App.— Texarkana 1992, writ denied); *State v. Munday Enterprises*, 824 S.W.2d 643, 652 (Tex.App.—Austin 1992, writ requested). We agree with these decisions and hold that appellant's supplemental answers violated no discovery rule simply because appellant failed to verify them.

■ Moreover, Rule 166b(6) and Rule 168(5) impose no condition that the parties must sign the supplemental answers. Therefore, "we will not graft such a requirement" onto Rule 166b(6). *Jones*, 807 S.W.2d at 872. Rule 168(5) also does not require that the supplemental answer be preceded by the interrogatory question to which it pertains. Although the better practice would be to type out the interrogatory in a supplemental answer, we will not dictate such a rule in this case. It was plainly obvious which interrogatory the supplemental answers referred to.

### ABUSE OF DISCRETION & HARMFUL ERROR

■ Accordingly, the trial court clearly excluded appellant's witnesses without reference to any guiding rules and principles and thus abused its discretion. *Morrow*, 714 S.W.2d at 298. Appellant argues in his brief the error was harmful and deprived him of an effective defense. TEX.R.APP.P. 81(b)(1). We agree.

■ "To obtain reversal of a judgment based on error of the trial court in admission or exclusion of evidence, the following must be shown: (1) that the trial court did in fact commit error; and (2) that the error was reasonably calculated to cause and probably did cause rendition of an improper judgment." *Gee v. Liberty Mut. Fire Ins. Co.*, 765 S.W.2d 394, 396 (Tex.1989); *see also* Tex.R.App.P. 81(b)(1). It is not necessary for the appellant to prove that but for the exclusion of evidence, a different judgment would have resulted. *Castro v. Sebesta*, 808 S.W.2d 189, 192 (Tex.App.—Houston [1st Dist.] 1991, no writ). The party seeking reversal must establish that the trial was materially unfair by excluding the evidence without having to show more. *Guentzel v. Toyota Motor Corp.* 768 S.W.2d 890, 900 (Tex.App.—San Antonio 1989, writ denied).

The record reflects that appellant attempted to introduce the excluded witnesses in court, that the court was aware of the witnesses' testimony by their depositions attached as exhibits to the bills of exceptions, and that the depositions reflected the testimony of what would have been offered into evidence. However, the trial court refused to permit the testimony.

The bills of exception named six witnesses appellant would have called. Appellant contends that these witnesses would have: (1) contradicted videotaped depositions presented by appellee; (2) shown inconsistencies with appellee's description of how the closing occurred; (3) impeached appellee for truth and veracity; (4) mitigated the extent of damages appellee claims to have incurred; (5) bolstered appellant's assertion that he was unaware of the extent of the floodplain; and (6) offered evidence to support his slander and invasion of privacy counterclaim against appellee. Appellee does not contradict the allegations regarding the testimony of three of these witnesses, and thus we will accept appellant's arguments as true. Tex.R.App.P. 74(f).

A review of the record leads us to conclude that excluding these witnesses whom appellant would have called if given the opportunity was materially unfair and could have had the effect of denying him an effective defense. We hold that the exclusion of appellant's witnesses "amounted to such a denial of the rights of the appellant as was reasonably calculated to cause and probably did cause rendition of an improper judgment in the case...." Tex.R.App.P. 81(b)(1).

### *TRANSAMERICAN* ANALYSIS

We are unconvinced that this is a death penalty case and that the standards of *TransAmerican* are mandatory, although they were in effect at the time of this trial. Nevertheless, we note that had we adopted the *TransAmerican* standards to reviewing the Rule 215(5) sanction here, then the same result expressed above would have been reached as the trial court completely disregarded the two-part analysis of *TransAmerican*. Nothing in the record indicates the trial judge attempted to determine who was responsible for allegedly not submitting the supplemental answers in proper form, which is the first question the judge must investigate under the *TransAmerican* standard described above. 811 S.W.2d at 917. Moreover, the record fails to show the trial court judge even considered the availability of less stringent sanctions, which is also required under the *TransAmerican* test. *Id.*

Furthermore, the sanction to exclude witnesses under Rule 215(5) is permitted when "[a] party ... fails to respond to or supplement his response to a request for discovery." Tex.R.Civ.P. 215(5). The alleged violation in this case was *failing to provide supplemental answers in proper form*, not failing to "respond to or supplement" a discovery request. Appellant's opposing counsel knew well in advance of trial whom appellant might call as expert or fact witnesses. Appellee was not confronted with the possibility appellant might call an undisclosed witnesses.

### CONCLUSION

Thus, we agree with appellant that the trial court's ruling was inconsistent with the standards of *TransAmerican* or the Texas Rules of Civil Procedure. Based on

the foregoing reasons, appellant's first three points of error are sustained. We find it unnecessary to address the remaining points of error. Accordingly, the judgment of the trial court is reversed and this cause is remanded for a new trial.