Richard **RAMIREZ**, Appellant,

v.

Irma Chavira Valenzuela
**RAMIREZ**, Appellee.

No. 08–92–00033–CV.

Court of Appeals of Texas,
El Paso.

March 3, 1994.

Before OSBORN, C.J., and KOEHLER and BARAJAS, JJ.

### OPINION

KOEHLER, Justice.

We withdraw our opinion of December 29, 1993 and substitute the following opinion in its place. Appellant's motion for rehearing is overruled.

In the trial of a divorce suit, the court entered judgment dividing the real and personal property of the parties based on certain findings made by the jury with respect to the value and character of such property.

In this appeal, the husband complains of the trial court's rulings in allowing several of wife's witnesses to testify, such witnesses not having been properly identified in response to his interrogatories (Points of Error Nos. One through Four); and in excluding the testimony of his expert witness and not allowing him the opportunity to make his bill of exceptions on that excluded testimony (Points of Error Nos. Five and Six). He also asserts that there is insufficient evidence or no evidence to support the jury finding that he had unfairly transferred $27,500 in community estate assets (Points of Error Nos. Seven and Eight), and that the court erred by awarding wife certain community property. and a percentage of the value of that property as well, amounting to a double recovery (Point of Error No. Nine).

### RELEVANT FACTS

As part of pretrial discovery, Richard Ramirez (husband), Appellant, had submitted interrogatories to Irma Chavira Valenzuela Ramirez (wife), Appellee, seeking to discover the identities of any person with knowledge of relevant facts. Wife timely answered on June 21, 1991, and then at 4:42 p.m. on Friday, July 19, 1991, supplemented her previous response by adding the names of Raymond C. Cooke, Margie Macias, Adrian Valenzuela, and Abel T. Luna. The case was tried to a jury beginning on Monday, July 22, 1991. In response to husband's motions to exclude the testimony of these four witnesses, the court granted the motion as to Cooke

Michael R. Wyatt, El Paso, for appellant.

Phillip C. Bowen, Johnson & Bowen, El Paso, for appellee.

(designated in wife's answer as an expert), but overruled the objection and allowed the other three (designated as fact witnesses) to testify. Additionally, the trial court ruled that wife would be allowed to testify over husband's objection that she had not been listed as a fact witness in response to his interrogatories.

At the conclusion of the trial, the jury made findings as to property values and the character of the property of the parties as community or separate property, upon which the trial court entered its judgment dividing such property between them and in addition, ordered husband to pay to the community estate $27,500 which the jury had found to be the value of unfair transfers by husband of community property, awarding to wife out of such funds $16,500 as her separate property.

### ADMISSION OF TESTIMONY OF UNIDENTIFIED WITNESSES

In his first four points of error, husband complains that the trial court abused its discretion by admitting without a showing of good cause the testimony of four witnesses who were either not timely identified or not identified at all in response to interrogatories seeking discovery of the identities of all persons with knowledge of relevant facts. As previously stated, the trial court admitted the testimony of three persons who were not identified until late afternoon of the Friday preceding the commencement of the trial on Monday. The court also allowed wife to testify although she had never identified herself as a potential fact witness.

■ When reviewing an abuse of discretion challenge, we must determine not whether, in the opinion of this Court, the facts present an appropriate case for the trial court's actions, but rather whether that court acted without reference to any guiding rules and principles or in other words, whether the action of the court was arbitrary or unreasonable. *Downer v. Aquamarine Operators, Inc.,* 701 S.W.2d 238, 241–42 (Tex.1985); *Smithson v. Cessna Aircraft Co.,* 665 S.W.2d 439, 443 (Tex.1984); *Landry v. Travelers Insurance Co.,* 458 S.W.2d 649, 651 (Tex. 1970). The fact that the trial court in the exercise of its discretionary authority ruled

in a different manner than an appellate judge in a similar circumstance does not demonstrate an abuse of discretion. *Downer,* 701 S.W.2d at 242. A mere error of judgment is not an abuse of discretion. *Loftin v. Martin,* 776 S.W.2d 145, 146 (Tex.1989).

■ In this case, we must look to the Rules of Civil Procedure, and particularly to Rules 166b.6. and 215.5. and recent appellate opinions interpreting this rather dynamic area of discovery law to determine whether the trial court acted with or without reference to any guiding rules and principles. Under Rule 166b.6.a., a party who has previously properly responded to a discovery request is under a duty to supplement not less than thirty days prior to trial, unless the court finds good cause, if he obtains information from which he knows that the response either: (1) was incorrect or incomplete when made or (2) though correct and complete when made is no longer true and complete and the failure to amend would be misleading. Tex.R.Civ.P. 166b.6.a. In the absence of a finding that good cause exists, the automatic sanction for the failure to supplement in a timely manner is the exclusion of the undisclosed witnesses' testimony. *Alvarado v. Farah Mfg. Co., Inc.,* 830 S.W.2d 911, 914 (Tex.1992); Tex.R.Civ.P. 215.5. The trial court may within its discretion determine whether the offering party has met her burden of showing good cause, but the court has no discretion to admit testimony otherwise excluded by the rule without a showing of good cause on the record. *Alvarado,* 830 S.W.2d at 914; Tex.R.Civ.P. 215.5.

■ The record in the instant case is devoid of any finding by the trial court or showing of good cause for allowing the three witnesses, who were not disclosed until the Friday before trial, to testify. It was error for the court to allow Margie Macias, Adrian Valenzuela and Abel Luna to testify. The next inquiry is whether the trial court's actions in admitting the testimony constituted reversible error under Tex.R.App.P. 81(b). We are not to reverse and remand a case for new trial unless the error(s) in question were "reasonably calculated to cause and probably did cause rendition of an improper judg-

ment." *Gee v. Liberty Mut. Fire Ins. Co.,* 765 S.W.2d 394, 396 (Tex.1989); Tex.R.App.P. 81(b). If the evidence of the witnesses was merely cumulative and not controlling on a dispositive issue in the case, we will not ordinarily find reversible error. *Gee,* 765 S.W.2d at 396. We must review the entire record to determine if the judgment was controlled by the improperly admitted testimony. *Id.* at 396.

Able Luna testified that real property located at 2400 Wyoming, El Paso, Texas, and in the possession of husband was worth $60,000 to $65,000, contradicting husband, who testified that said property was worth $22,000, but also stated that he had purchased the property in 1989 for $40,000 or $42,000. As the jury found the property to be valued at $40,000, it apparently did not believe the valuation testimony of either witness, instead basing its findings on the purchase price testimony. Any error, therefore, with regard to Abel T. Luna's testimony, probably did not cause rendition of an improper judgment. *Gee,* 765 S.W.2d at 396.

Adrian Valenzuela, wife's son by a prior marriage, testified that the home located at 10845 Vista Allegre in El Paso, in which he, his brothers, and mother were still living, was fully furnished when he and his parents moved in about eleven or twelve years before the trial. Husband argues that this testimony was harmful because although he admitted that the house was fully furnished when he moved in, he testified (without specificity) that most of the furnishings had been replaced while he lived there, one piece at a time. Inconsistent with his previous testimony, he then stated that "[m]ost of the bedrooms [of the four bedroom house] ... didn't have furniture." Wife testified, as had her son, that the house was completely furnished. Left with no specific testimony on what furnishings had or had not been replaced, the jury after finding that the house itself was 83 percent the wife's separate property and 17 percent community property, found the furnishings to be 68 percent wife's separate property and 32 percent community. We conclude that Adrian Valenzuela's testimony was merely cumulative of his mother's testimony and neither was of much value to the jury.

The third tardily identified fact witness, Maria Margarita Macias, testified regarding gifts husband made to Rosa Macias, his girlfriend. However, husband in his testimony conceded that he and wife had as community property approximately $29,000 in cash; that the money had been spent by the time of trial; that he gave a Blazer vehicle to Rosa Macias; that he and Rosa Macias had twice gone on trips together, once to Philadelphia and once to Chicago, for four or five days at a time; and that he made numerous unrecorded cash sales in his business. The jury, in making its findings, may have found Maria Margarita Macias' abbreviated testimony persuasive, nonetheless, husband's lengthy testimony by itself was sufficient evidence to support the jury's finding that he had made unfair transfers requiring him to reimburse the community estate in the amount of $27,500. Thus we conclude that Maria Margarita Macias' testimony did not result in substantial prejudice to husband's rights and probably did not cause rendition of an improper judgment. Husband's first three points of error are overruled.

In his fourth point, husband asserts that the court erred by allowing wife to testify because she neither identified herself as a witness in her answers to interrogatories nor did she show good cause for such failure.

The purpose of Rule 215.5. is to prevent trial by ambush, not create a trap for the unwary. *Smith v. Southwest Feed Yards,* 835 S.W.2d 89, 91 (Tex.1992). Although Rule 215.5. applies equally to parties not identified as persons with knowledge of relevant facts as it does to other witnesses, "good cause" for allowing an unidentified party to testify can often be found in the record without doing violence to that purpose. In its determination of whether good cause exists, the court may look to a party's pleadings and his responses to various discovery procedures which may indicate his awareness or knowledge of relevant facts. *Smith,* 835 S.W.2d at 90–91. There is even less reason to enforce the rule rigidly where the unidentified witness is one of the parties to a divorce suit. Aside from wife's plead-

ings, responses to discovery and her deposition, there is, or should be, a presumption that both husband and wife have knowledge of relevant facts pertaining to the marriage, to their children and to their property, as well as to the causes or reasons for the dissolution of the marriage. Allowing a party to a divorce suit to testify despite his or her failure to identify him- or herself as a fact witness would not likely serve as a surprise to the other party and cannot be considered as a return to trial by ambush. Point of Error No. Four is overruled.

Under his fifth and sixth points, husband claims error by the trial court in excluding the testimony of Joe Dominguez and in denying husband the right to make a bill of exceptions regarding the excluded testimony.

The record indicates that in an unverified supplemental response to wife's interrogatories, husband identified Joe Dominguez, along with several other persons, as expert witnesses. Tex.R.Civ.P. 168.5. requires that answers to interrogatories be signed and verified by the person making them and warns that the provisions of Rule 14 permitting a party's attorney to sign in the party's behalf do not apply.

■ Husband relies on two cases for the proposition that a timely supplemental response need not be verified: *Circle Y of Yoakum v. Blevins*, 826 S.W.2d 753 (Tex. App.—Texarkana 1992, writ denied), and *Jones v. Kinder*, 807 S.W.2d 868 (Tex.App.— Amarillo 1991, no writ). Other recent cases that support that proposition are *Soefje v. Stewart*, 847 S.W.2d 311 (Tex.App.—San Antonio 1992, writ denied); *Kramer v. Lewisville Memorial Hospital*, 831 S.W.2d 46, 48

(Tex.App.—Fort Worth 1992), *affirmed*, 858 S.W.2d 397 (Tex.1993) [1]; and *State v. Munday Enterprises*, 824 S.W.2d 643, 652 (Tex. App.—Austin 1992), reversed and remanded on another point, 868 S.W.2d 319 (Tex.1993). While all of the cited cases involved the failure to verify the supplementation, only *Soefje* suggests that none of the formalities required by Rule 168.5. are required for supplemental answers. *Soefje*, 847 S.W.2d at 314. This Court took a somewhat different stance in *Varner v. Howe*, 860 S.W.2d 458, 462 (Tex.App.—El Paso 1992, n.w.h.), where we held that based on the holding in *Sharp v. Broadway National Bank*, 784 S.W.2d 669, 671 (Tex.1990) (which held that oral supplementation was not sufficient, the supplement must be in writing), at least some of the formalities of Rule 168.5. applied to supplemental answers. In *Varner*, in addition to the failure of the responding party to sign or verify, his attorney failed to indicate in his letter that it was intended as a supplemental answer let alone indicate which specific interrogatories it was intended to supplement and failed to provide the expert's address and phone number.[2] Consistent with *Varner*, we hold that the failure of husband to sign and verify his own supplemental answers does not comply with the requirements of Rules 166b.6. and 168.5. and therefore the trial court properly sustained wife's objection to the proffered testimony of husband's expert, Joe Dominguez.

■ Even if we took the position that a supplemental response under Rule 166b.6. does not require the signing and verification formalities of Rule 168.5., we would be un-

1. Although the Supreme Court affirmed the judgment of the Fort Worth Court of Appeals, Chief Justice Phillips, writing for the majority, left open the question of whether Rule 166b.6. requires supplemental answers to be verified, holding that "[e]ven if Rule 166b(6) does in fact require additional verification, the Kramers waived whatever complaint they might have had concerning the manner in which the supplemental answers were verified[,]" primarily by not objecting to the verification deficiency for the first time until after they had themselves called the same two expert witnesses to whom they were objecting by introducing portions of the witnesses' depositions. *Kramer*, 858 S.W.2d at 407.

2. Wife argues that husband's supplemental response also failed to disclose the substance of the expert's expected testimony, contrary to Rule 166b. This argument is without merit because the interrogatory propounded failed to request such information. Duty to supplement on expert witnesses extends only to information not "previously disclosed in response to an appropriate inquiry directly addressed to these matters, such response must be supplemented to include the name, address and telephone number of the expert witness and the substance of the testimony concerning which the expert witness is expected to testify,...." Tex.R.Civ.P. 166b.6.b.

able to sustain husband's points of error. The record indicates that after wife made her written objection to husband's expert witnesses on the grounds that his supplemental answers were neither signed by husband nor verified by him, the court took his ruling under advisement until the parties presented him with authorities on the following morning. As far as the record shows, husband never did obtain a ruling on wife's objection nor did he make any further effort to call his expert witnesses. Although it is clear from the record that none of husband's listed expert witnesses were called to testify and none testified, we cannot tell whether husband decided not to call any of them or whether the trial court sustained wife's objection. In that respect, this case differs from *Jones v. Kinder.* In *Jones,* the Court of Appeals held that although the record reflected "no precise ruling on the objection," it adequately reflected that the court sustained the objection and excluded the expert's testimony. 807 S.W.2d at 871. In this case, husband by his failure to call any of his listed expert witnesses and to obtain a ruling on wife's objection to those witnesses failed to preserve error. *Bushell v. Dean,* 803 S.W.2d 711, 712 (Tex.1991); TEX.R.APP.P. 52(a). Point of Error No. Five is overruled.

■ Under his sixth point, husband contends that the trial court committed reversible error by denying him the right to make a bill of exceptions on the excluded testimony. Whenever testimony is erroneously excluded by ruling of the trial court, the offering party must make a bill of exceptions in order to preserve error on appeal. *McInnes v. Yamaha Motor Corp., U.S.A.,* 673 S.W.2d 185, 187 (Tex.1984), *cert. denied,* 469 U.S. 1107, 105 S.Ct. 782, 83 L.Ed.2d 777 (1985). Husband in this case attempted to make his bill on the testimony of his expert witness(es) prior to the time the trial judge indicated that he would rule on wife's objection. At that stage, the judge indicated emphatically that he would not allow husband to make his bill. The judge, however, gave no indication as to how he would rule on wife's objection and in fact, there never was a ruling made on the record. While it would have been error for the court to deny husband's request to make his bill of exceptions

following an adverse ruling, it was not error for the court to deny the request at the time he did so. Point of Error No. Six is overruled.

## UNFAIR TRANSFERS

In his seventh and eighth points of error, husband asserts that there is either insufficient evidence or no evidence to support the verdict that he unfairly transferred $27,500 of community funds out of the parties' estate.

■ When presented with a "no evidence" challenge, we consider only the evidence and reasonable inferences drawn therefrom which, when viewed in their most favorable light, support the jury verdict. All evidence and inferences to the contrary are to be disregarded. *Stafford v. Stafford,* 726 S.W.2d 14, 16 (Tex.1987); *Alm v. Aluminum Company of America,* 717 S.W.2d 588, 593 (Tex.1986). If there is more than a scintilla of evidence to support the questioned finding, the no evidence point fails. *Stafford,* 726 S.W.2d at 16.

■ When a factual sufficiency challenge is brought, the court must first examine all of the evidence, *Lofton v. Texas Brine Corporation,* 720 S.W.2d 804, 805 (Tex.1986); and after considering and weighing all of the evidence, the court may set aside the finding only if it is so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust. *Cain v. Bain,* 709 S.W.2d 175, 176 (Tex.1986). Since an appellate court is not a fact finder, it may not pass upon the credibility of the witnesses or substitute its judgment for that of the trier of fact, even if the evidence would support a different result. *Clancy v. Zale Corporation,* 705 S.W.2d 820, 826 (Tex.App.—Dallas 1986, writ ref'd n.r.e.).

■ The record indicates that the parties accumulated $29,000 in cash, which husband agreed was community property; that the money had been spent as of the trial date; that husband admitted that he had "given away a vehicle" to Rosa Macias and that he and Ms. Macias had twice traveled together, once to Philadelphia and once to Chicago; and that he had made numerous unrecorded cash sales from his business. We conclude

from our review of the record that there is much more than a scintilla of evidence to support the jury's finding and that the finding in question is not so against the great weight and preponderance of the evidence as to be manifestly unjust. *Oechsner v. Ameritrust Texas, N.A.*, 840 S.W.2d 131, 136 (Tex. App.—El Paso 1992, writ denied).

 Moreover, the burden of proving fairness of the expenditures of community assets was on husband or his donee. *Murphy v. Metropolitan Life Ins. Co.*, 498 S.W.2d 278, 282 (Tex.Civ.App.—Houston [14th Dist.] 1973, writ ref'd n.r.e.). Husband has, however, failed to identify in the record any evidence to meet this burden. Points of Error Nos. Seven and Eight are overruled.

### DOUBLE RECOVERY

Husband lastly argues that the trial court erroneously awarded wife a double recovery with regard to certain properties. The court did this by entering judgment that husband pay to wife the sum of $94,642, which was the amount arrived at by the court based on the jury valuations of community property then held in husband's possession and control and the percentage of community property found by the jury as being a just and right apportionment of such property between the parties, and at the same time awarding wife certain items of the same community property included in the jury's finding.

Specifically husband maintains that the portion of the judgment that states:

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the Respondent is in possession and control of community property which is subject to division and distribution by this Court and which has been valued by the Jury Verdict in the amount of $188,628 ($150,000 + $9,828 + $28,800), of which $94,642 ($188,628 −. $93,986) is due and payable to Petitioner....

improperly includes, as community property in husband's possession and control, the real property located at 2400 Wyoming, El Paso, Texas, valued by the jury at $40,000, and the vehicle described as a 1990 Toyota pickup truck, valued by the jury at $15,000, as these items were awarded, in the judgment to wife.

 Double recoveries are not permitted. *Southern County Mut. Ins. Co. v. First Bank and Trust of Groves*, 750 S.W.2d 170, 173–74 (Tex.1988). *See also* TEX.FAM.CODE ANN. § 3.63 (Vernon 1993) (Just and right division required). A failure by the prevailing party to elect between alternative measures of damages should be remedied by the trial court. *Birchfield v. Texarkana Memorial Hosp.*, 747 S.W.2d 361, 367 (Tex.1987). A Houston Court has held that where the trial court has erred in declining to carry out its duty, an appellate court may make the election. *American Baler Co. v. SRS Systems, Inc.*, 748 S.W.2d 243, 246 (Tex.App.—Houston [1st Dist.] 1988, writ denied).

 In the judgment, the trial court apportioned the community property under husband's control, into three groups, "$150,000," "$9,828," and "$28,800," apparently based on the evidence and the jury findings. According to husband, the $150,000 figure is the total of the values found by the jury for real community properties located at 2400 Wyoming and 2329 E. Missouri in El Paso, valued at $40,000 and $110,000, respectively; the amount of $9,828 is based on the values and percentages found by the jury to be personal community property located at those properties; and the figure of $28,800 is the total value of the vehicles owned by the community, including the 1990 Toyota pickup truck. Wife does not advance any theory explaining the division, nor can we determine how the court arrived at the amounts set forth in the judgment other than that argued by husband. We thus conclude that the trial court has, in effect, awarded wife a double recovery and that by so doing, the court has abused its discretion, notwithstanding wife's argument that "[t]he trial court has wide discretion in dividing the estate of the parties and that division should be corrected on appeal only when an abuse of discretion has been shown." *See Murff v. Murff*, 615 S.W.2d 696, 698 (Tex.1981). The trial court by awarding wife a sum of money which included her community interest in property held in husband's possession and control, and then awarding some of the same property

included in the monetary computation, acted without reference to any guiding rules and principles. *Downer*, 701 S.W.2d at 241–42. According to our calculations, the part of the judgment awarding wife the sum of $94,642 should be reduced by $55,000 to $39,840 in order to eliminate two items of community property which if allowed to remain would have resulted in wife being awarded a double recovery. The two items in question, the real property located at 2400 Wyoming Street valued by the jury at $40,000 and the 1990 Toyota pickup truck valued by the jury at $15,000, which had been in husband's possession at the time of trial but were awarded to wife by the judgment, should have been subtracted from the total value of the community property in husband's possession ($188,628 − $55,000 = $133,628) and added to the community property in wife's possession ($45,838 + $55,000 = $100,838). By subtracting the latter amount ($100,838) from the wife's 60 percent jury award of the total value of the parties' community property ($234,466 × .60 = $140,678 − $100,838), we arrive at the amount of $39,840[3], the amount that should have been awarded to wife rather than the $94,642 actually awarded by the judgment. The ninth point of error is sustained.

Having sustained the ninth point of error, we reform page 5 of the judgment, in order to effectuate the 60/40 percent split of the community property, to require Respondent (husband) to pay Petitioner (wife) the sum of $39,840, with interest thereon at the rate of 12 percent (12.0%) per annum, together with her costs, and that she have judgment on such debt and execution of such costs. Having overruled all of the other points, the judgment as reformed is affirmed.

OSBORN, C.J., not participating.

---

3. The amount shown in the judgment for the value of all community owned vehicles in husband's possession in the amount of $28,800 should have been $29,300, which accounts for a $200 discrepancy in the amount owed by husband to wife after the 60/40 split of the total community value. The remaining $2 difference apparently results from rounding off of the figures.