Francisco **MORUA**, Individually and by his Guardian, Virginia Morua, Appellant,

v.

**STATE FARM FIRE & CASUALTY COMPANY**, Appellee.

No. 08–96–00092–CV.

Court of Appeals of Texas, El Paso.

March 14, 1997.

Rehearing Overruled April 23, 1997.

Malcolm McGregor, John C. Schwambach, Jr., El Paso, for Appellant.

Malcolm G. Guy-Renwick, Steven R. Pierret, Colaneri & Renwick, P.C., Arlington, for Appellee.

Before BARAJAS, C.J., and McCLURE and CHEW, JJ.

## OPINION

BARAJAS, Chief Justice.

This is an appeal from a jury's finding that Appellant was not entitled to lifetime benefits under the Workers' Compensation Act and was not incurably insane. We reverse and remand.

## SUMMARY OF THE EVIDENCE

Francisco Morua worked at Economy Laundry in El Paso, Texas. On April 15, 1985, Morua suffered head and back injuries while in the course and scope of his employment at Economy Laundry in El Paso. While placing a pair of pants on a presser, Appellant accidentally activated the presser at the wrong time and was struck in the forehead. He was not knocked unconscious and went immediately to the office manager to report the injury. Appellant then drove himself to two different doctors immediately after the accident. Appellant returned to work for approximately two weeks following the accident on April 15.

On July 10, 1985, Appellant went to see Dr. Kaim, an El Paso psychiatrist. Appellant complained of throbbing headaches, blurred vision, vertigo and dizziness. Dr. Kaim continued to treat Mr. Morua off and on for ten years; although at trial, he admitted that most medical testing showed there was nothing wrong with Appellant, as he had a normal CAT scan of the head, a normal MRI, and a normal EEG.

Appellant's primary initial complaint of injury involved his back and was treated extensively for that problem by undergoing a lumbar laminectomy. Following his back surgery, Appellant was disabled from returning to work. He was able to drive a car, took his children to school and baseball practice, and also drove himself to Juarez, Mexico, and back. He would also walk his children home from school and watch his son practice baseball. He kept track of his own doctor appointments and drove to them. He bought his own clothes, and borrowed and paid back money from a finance company. Virginia Morua, Appellant's ex-wife, testified that in 1993, she was going to have herself removed as Appellant's guardian because he could manage for himself. Appellant never appeared in court at any time during trial, and the only evidence presented was from his deposition.

In Appellant's original petition, he alleges that Appellant, as a consequence of this accident, sustained injury to his skull, resulting in incurable insanity and imbecility and was, therefore, entitled to lifetime benefits under the Workers' Compensation Act. The case was submitted to the jury only on the issue of incurable insanity which the jury answered "no". Appellant now brings this appeal.

## DISCUSSION

■ Appellant attacks the judgment of the trial court in six points of error. Point of Error No. Five avers that the trial court erred in admitting the testimony of Jeffrey C. Siegel because State Farm failed to verify its supplemental answers to interrogatories in which State Farm identified Siegel as a testifying expert.[1] We agree.

Texas Rule of Civil Procedure 168(5) requires that answers to interrogatories be signed and verified by the person making them. Tex.R.Civ.P. 168(5); *Ramirez v. Ramirez*, 873 S.W.2d 735, 740 (Tex.App.—El Paso 1994, no writ); *Varner v. Howe*, 860 S.W.2d 458, 461 (Tex.App.—El Paso 1993, no writ). Rule 166b(6)(b) requires a party to supplement his answers by disclosing any previously undisclosed expert witness "as soon as is practical, but in no event less than thirty (30) days prior to the beginning of trial except on leave of court." Tex.R.Civ.P. 166b(6)(b); *Varner*, 860 S.W.2d at 461. Finally, under Rule 215(5), a party who fails to supplement his response to an interrogatory requesting identification of an expert witness may not offer the testimony of that expert unless the court finds good cause with the burden being on the offering party to show

---

1. Jeffrey Siegel was the only expert to testify that Appellant was not "incurably insane" as the word was used in the jury charge.

good cause on the record. Tex.R.Civ.P. 215(5); *Varner*, 860 S.W.2d at 461.

This Court has addressed the issue of whether supplemental responses to interrogatories need to be verified by the party in two previous cases. As we noted in *Ramirez*, there are several cases which state that supplemental response to interrogatories need not be verified: *Circle Y of Yoakum v. Blevins*, 826 S.W.2d 753 (Tex.App.—Texarkana 1992, writ denied); *Jones v. Kinder*, 807 S.W.2d 868 (Tex.App.—Amarillo 1991, no writ); *Soefje v. Stewart*, 847 S.W.2d 311 (Tex.App.—San Antonio 1992, writ denied); *Kramer v. Lewisville Memorial Hospital*, 831 S.W.2d 46 (Tex.App.—Fort Worth 1992), *aff'd*, 858 S.W.2d 397 (Tex.1993) [2]; and *State v. Munday Enterprises*, 824 S.W.2d 643 (Tex.App.—Austin 1992), *rev'd and remanded on another point*, 868 S.W.2d 319 (Tex.1993). While all of the cited cases involved the failure to verify the supplementation, only *Soefje* suggests that none of the formalities required by Rule 168(5) are required for supplemental answers. *Ramirez*, 873 S.W.2d at 740.

As stated in *Varner:*

At the risk of appearing hypertechnical, we would mildly disagree for several reasons with the holdings of *Jones, Soefje, Kramer, Circle Y* and *Munday* that verification of supplemental answers is not necessary. If the formalities of Rule 168 are mandatory (though waivable), then it logically follows that a supplementation to the answers previously given should observe the same formalities. Otherwise, a clever party or his attorney, without appearing to give evasive or incomplete answers, could hold back on material information and then provide it in an unsworn supplement just before the cutoff date.

In *Ramirez*, 873 S.W.2d at 740, this Court held, consistent with *Varner*, that a party's failure to sign and verify his own supplemen-

tal answers does not comply with the requirements of Rules 166b(6) and 168(5) and that the trial court's exclusion of expert testimony on that ground was proper. *Ramirez* involved a divorce suit where the husband responded to wife's interrogatories in an unverified supplemental response identifying Joe Dominguez, along with several other persons, as expert witnesses.

■ We find *Ramirez* to be indistinguishable from the instant case. In the instant case, Appellee sent an unverified response to Appellant's interrogatory identifying Jeffrey C. Siegel as a testifying expert witness. *Ramirez* and *Varner* are dispositive on the issue and we hold that the supplemental responses to interrogatories must be verified to have a consistent application of Rule 168 to both original and supplemental answers.

The most recent case deciding that supplemental responses must be verified is *Dawson–Austin v. Austin*, 920 S.W.2d 776 (Tex. App.—Dallas 1996, writ filed). In *Austin*, the wife contended that the trial court erred in ruling that supplemental discovery responses designating experts must be verified. Wife sought to present the testimony of Hanan to show the value of the Starkey Corporation and the testimony of Dohmeyer to show the unreasonableness of her and her husband's compensation from Starkey during the marriage. Wife attempted to designate in supplemental answers to interrogatories Hanan and Dohmeyer as experts on June 1, 1993 for a hearing set and held on July 1, 1993. Husband objected to the experts for four reasons: (1) the supplemental answer designating them as experts was not verified; (2) the responses failed to fully disclose the opinions and conclusions of the experts; (3) wife did not file the supplemental responses prior to thirty days before trial; and (4) wife did not file the supplemental responses as soon as practicable. The trial court sustained husband's objection and stated on the

---

2. As we noted in *Ramirez*, "Although the Supreme Court affirmed the judgment of the Fort Worth Court of Appeals, Chief Justice Phillips, writing for the majority, left open the question of whether Rule 166b.6. requires supplemental answers to be verified, holding that '[e]ven if Rule 166b(6) does in fact require additional verification, the Kramers waived whatever complaint

they might have had concerning the manner in which the supplemental answers were verified[,]' primarily by not objecting to the verification deficiency for the first time until after they had themselves called the same two expert witnesses to whom they were objecting by introducing portions of the witnesses' depositions. *Kramer*, 858 S.W.2d at 407."

record that it did so because the supplemental answers were not verified. The Dallas Court of Appeals agreed and overruled wife's point of error. The *Austin* court began its analysis by stating that Texas Rule of Civil Procedure 168(5) requires that answers to interrogatories be in writing under oath. *Id.* at 792. A party must supplement discovery responses when they are or become incomplete or incorrect. *Id.,citing* TEX.R.CIV.P. 166b(6)(a). Any supplementation regarding an expert witness must be made "as soon as is practical, but in no event less than thirty (30) days prior to the beginning of trial except on leave of court." *Id., citing* TEX. R.CIV.P. 166b(6)(b). The failure to supplement the discovery response concerning an expert witness results in the exclusion of that expert's testimony unless the party offering the testimony shows good cause, on the record, for the failure to supplement. *Id., citing* TEX.R.CIV.P. 215(5).

The *Austin* court found that in one line of cases, starting with *Jones v. Kinder*, 807 S.W.2d 868 (Tex.App.—Amarillo 1991, no writ), the Courts have held that verification of supplemental answers is not necessary because it does not further the twin goals of the discovery rules: "(1) 'to encourage full discovery of the issues and facts prior to trial so that the parties could make realistic assessments of their respective positions,' and (2) 'prevent trial by ambush.'" *Austin,* 920 S.W.2d at 792, *citing Jones,* 807 S.W.2d at 873 (quoting respectively *Gee v. Liberty Mut. Fire Ins. Co.,* 765 S.W.2d 394, 396 (Tex.1989); *Alvarado v. Farah Mfg. Co.,* 830 S.W.2d 911, 914 (Tex.1992)); *see Soefje,* 847 S.W.2d at 314; *Kramer,* 831 S.W.2d at 48; *Circle Y,* 826 S.W.2d at 756. The Court then examined the other line of cases, started by *Varner,* 860 S.W.2d at 458, which held that verification of supplemental answers is required if the original answers must be verified: "If the formalities of Rule 168 are mandatory ..., then it logically follows that a supplementation to the answers previously given should observe the same formalities." *Austin,* 920 S.W.2d at 792, *citing Varner,* 860 S.W.2d at 462; *see also Ramirez,* 873 S.W.2d at 740.

The *Austin* court then stated:

We agree with the *Varner* line of cases instead of the *Jones* line. *Jones* and its progeny base their argument on the fact that rule 166b(6) regarding supplementation does not contain a verification requirement. Rule 166b(6) applies to supplementation of all forms of discovery. Although some forms of discovery require that the evidence be sworn, such as answers to interrogatories and answers to depositions, other forms of discovery responses, such as responses to requests for admission and responses to requests for production, do not have to be sworn. *See* TEX.R.CIV.P. 167(1), 168(5), 169(1), 204(2), 208(5). Because different forms of discovery have different verification requirements, including no verification requirement for some forms, it makes sense that the rule requiring supplementation of all forms of discovery would not dictate the form of supplemental responses. Thus, the fact that rule 166b(6) does not contain a verification requirement does not support the proposition espoused in *Jones* and its progeny that supplemental answers to interrogatories do not have to be verified. As the *Varner* court noted, the formalities necessary to respond originally to a request for discovery should apply to a supplemental response. **Rule 168(5) requires that answers to interrogatories be sworn; accordingly, supplemental answers to interrogatories must also be sworn.** [Emphasis added].

*Austin,* 920 S.W.2d at 792–793

In the case before us, having found that supplemental answers to interrogatories need to be verified, we find that the trial court erred in allowing Appellee's expert to testify to the issue of incurable insanity. Appellant's Point of Error No. Five is sustained.

Having sustained Appellant's Point of Error No. Five, we need not reach Appellant's remaining points. We reverse the judgment of the trial court and remand the case for proceedings in accordance with this opinion.