AMERICAN HOME ASSURANCE
COMPANY, Appellant,

v.

Juan H. LARA, Appellee.

No. 08–96–00439–CV.

Court of Appeals of Texas,
El Paso.

April 16, 1998.

Rehearing Overruled May 13, 1998.

Patrick A. Groves, Dudley, Dudley, Windle & Stevens, L.L.P., El Paso, for Appellant.

Monty B. Roberson, El Paso, for Appellee.

Before BARAJAS, C.J., and LARSEN and CHEW, JJ.

## *OPINION*

LARSEN, Justice.

This appeal from a verdict in favor of the plaintiff in a workers' compensation case requires us to consider the single issue of whether an unverified response identifying an expert, but not the substance of the expert's expected testimony, is sufficient under TEX.R. CIV. P. 166(b) and 215 to avoid exclusion of the expert's opinions from trial when the opposing party requested that information in an interrogatory. We find that it is not, and accordingly reverse and remand the judgment of the trial court.

## *RELEVANT FACTS*

The sole issue at trial was the correct impairment rating for the plaintiff, Juan Lara. In support of its contention that 10 percent was the correct impairment rating, the defendant American Home Assurance Company presented the deposition testimony of Dr. Marco Ochoa, the "designated doctor" appointed by the Texas Workers' Compensation Commission.[1] Lara, on the other hand, presented medical records containing Dr. Joseph Neustein's opinion that he suffered from a 25 percent impairment. Before trial, American Home filed a motion in limine requesting, in part, that the trial court exclude Dr. Neustein's opinion on the ground that Lara failed to adequately designate Neustein

---

1. Under TEX. LAB.CODE ANN. § 408.125 (Vernon 1996), any dispute about a claimant's impairment rating may be resolved by a doctor chosen by mutual agreement of the parties, or by a doctor the Commission selects if the parties cannot agree.

as an expert witness in response to the following interrogatory:

> Please identify the name, last known address, and telephone number of each person whom you expect to call as an expert witness at the trial of this case, and state fully and in complete detail the testimony each such expert witness will give.

Without objection to the interrogatory, Lara listed a doctor other than Dr. Neustein in his initial responses to American Home's interrogatory. He did not, however, provide any information about the testimony the doctor would give. In what appears to have been intended as supplemental responses to American Home's discovery,[2] Lara listed Dr. Neustein for the first time as a person with knowledge of relevant facts. He indicated that Dr. Neustein had examined and treated him from March 3, 1992 through August 1992. Attached to Lara's supplemental responses are a list of exhibits, which identifies Dr. Neustein's medical reports as potential exhibits, and a list of experts, which includes Dr. Neustein's name and address but does not include information about the substance of his opinion testimony. Most significantly, the supplemental responses are not verified. American Home specifically raised Lara's failure to verify his supplemental responses in its pretrial motion in limine. The trial court overruled American Home's motion in limine and allowed Dr. Neustein's report into evidence at trial over American Home's further objection.

### *DISCUSSION*

■ In its sole point of error, American Home contends that the trial court committed reversible error when it allowed Lara to introduce the expert opinion of Dr. Neustein at trial despite Lara's failure to verify the supplemental responses naming Neustein as an expert witness. Texas Rule of Civil Procedure 168(5) requires that answers to interrogatories be signed and verified by the person making them.[3] Rule 166b(6)(b) requires a party to supplement answers by disclosing any previously undisclosed expert witness "as soon as is practical, but in no event less than thirty (30) days prior to the beginning of trial except on leave of court."[4] Under Texas Rule of Civil Procedure 215(5), a party who fails to supplement his response to an interrogatory requesting identification of an expert witness may not offer the testimony of that expert unless the court finds good cause for failure to timely designate.[5]

■ Although the rule requiring a party to timely supplement its discovery responses, Rule 166b(6), does not specifically require verification, we have previously held that supplemental interrogatory responses must be verified.[6] This is because Rule 166b(6) applies to supplementation of all forms of discovery, and all forms of discovery do not require verification. For example, responses to requests for admissions and responses to requests for production require no verification.[7] Because it applies to the various forms of discovery, which each require different forms of answer and different forms of verification, Rule 166b(6) logically is silent on the form of verification. Thus, Rule 166b(6) does not address verification, but rather the time frame within which parties must supplement all forms of discovery. Because Rule 168(5) requires answers to interrogatories be sworn, then supplemental answers to interrogatories must also be sworn. Accordingly, Lara's unsworn supplemental interrogatory response identifying Dr. Neustein as an expert was insufficient to avoid automatic exclusion pursuant to Rule 215(5).

2. The document is titled "Supplemental Interrogatories *to* Juan Lara" (emphasis added) but it is filed by Lara's attorney and provides additional responses to American Home's initial interrogatories.

3. Tex.R. Civ. P. 168(5); *Varner v. Howe,* 860 S.W.2d 458, 461 (Tex.App.—El Paso 1993, no writ); *Morua v. State Farm Fire & Cas. Co.,* 960 S.W.2d 659, 660 (Tex.App.—El Paso 1997, writ requested).

4. Tex.R. Civ. P. 166b(6)(b); *Varner,* 860 S.W.2d at 461; *Morua,* at 660.

5. Tex.R. Civ. P. 215(5); *Varner,* 860 S.W.2d at 461; *Morua,* at 660.

6. *See Morua,* at 660; *Ramirez v. Ramirez,* 873 S.W.2d 735, 740 (Tex.App.—El Paso 1994, no writ).

7. *See* Tex.R. Civ. P. 167(*l*), 168(5), 169(1), 204(2), 208(5).

**910**

Because the record does not reflect that Lara made any attempt to show good cause for his failure to adequately supplement his discovery responses with Dr. Neustein, the trial court erred in allowing Lara to introduce Dr. Neustein's opinions at trial.[8]

■ We further find that the error in this case was harmful to American Home. Error is not reversible unless the error probably caused the rendition of an improper judgment.[9] The only issue the jury was asked to decide in this case was whether the correct impairment rating for Lara was 10 percent, as supported by the testimony of Dr. Ochoa, or 25 percent as Lara contended was supported by the opinion of Dr. Neustein. The jury found that 25 percent was the correct rating. Dr. Neustein's opinion is the only evidence in this record to support the jury finding. Accordingly, the erroneous admission of Dr. Neustein's opinion harmed American Home, and we sustain its sole point of error.

### *CONCLUSION*

■ Having considered and sustained American Home's point, we reverse the judgment of the trial court and remand the case for proceedings in accordance with this opinion.[10]

---

8. Tex.R. Civ. P. 215(5).

9. Tex.R.App. P. 44.1(a)(1); *McKinney v. Nat'l Union Fire Ins. Co.*, 772 S.W.2d 72, 75 (Tex.1989).

10. American Home *suggests that we should reverse and render a judgment of 10 percent impairment since there is no evidence in the record to support the jury's 25 percent verdict after Dr. Neustein's testimony is eliminated. We decline to do so. Generally, the remedy for improperly admitted evidence is remand for new trial. See* Mary Lee Foundation v. Texas Employment Comm'n, *817 S.W.2d 725, 729 (Tex.App.—Texarkana 1991, writ denied) (remedy for improperly admitted hearsay evidence was remand despite* no evidence to support judgment in absence of improperly admitted hearsay). *American Home cites several cases in which courts have rendered take-nothing verdicts on the issue of attorney's fees when the expert testimony supporting the fees was stricken on appeal as inappropriately admitted. None of these cases, however, extends its application beyond the issue of attorney's fees to the ultimate issue decided in the case. See* Sharp v. Broadway Nat'l Bank, *784 S.W.2d 669, 672 (Tex.1990);* E.F. Hutton & Co. v. Youngblood, *741 S.W.2d 363, 364 (Tex.1987);* Travelers Companies v. Wolfe, *838 S.W.2d 708, 713 (Tex. App.—Amarillo 1992, no writ). We decline to so extend their application in this case.*