In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-06-180 CV


____________________



IN RE COMMITMENT OF MICHAEL MARKS






On Appeal from the 410th District Court


Montgomery County, Texas


Trial Cause No. 05-08-06849 CV






 OPINION


 The Sexually Violent Predator Act (SVPA) (1) provides for the involuntary civil
commitment of an offender to outpatient treatment and supervision if the offender is found
to be a sexually violent predator. See Tex. Health & Safety Code Ann. § 841.081
(Vernon Supp. 2006). (2) A jury determined that Michael Marks was a sexually violent
predator under Texas law by finding that he suffers from a behavioral abnormality that makes
him likely to engage in a predatory act of sexual violence. See id. § 841.003. Marks
complains of the trial court's exclusion of the testimony of two of his witnesses, contends the
court erred in failing to conduct a "gatekeeper hearing," (3) and argues that the State's closing
argument improperly influenced the jury. We affirm the trial court's judgment and order of
civil commitment. 

Exclusion of Dr. Dunham's Testimony

 In issue one, Marks challenges the trial court's exclusion of Dr. Jason Dunham's
testimony. Marks designated Dr. Dunham as an expert to testify "whether Mr. Marks is an
insane person who is in an insane condition of mind at a time when he is called to testify in
this matter." At trial, Marks wanted to present testimony from Dr. Dunham's pre-trial
deposition about whether Marks actually suffered from a schizophrenic disorder. The State's
attorney objected to the proffered testimony, arguing that whether Marks was feigning his
mental illness was not relevant and that Dr. Dunham had not been designated as a witness
who would be testifying about whether Marks was feigning. The trial court ruled that the
evidence was not relevant to the question before the jury, which was whether Marks suffered
from a behavioral abnormality that makes him likely to engage in a predatory act of sexual
violence. The trial court also excluded the proffered testimony because Dr. Dunham had not
been designated as a witness to address Marks's alleged feigning. 

 With respect to the discovery of experts, the Rules of Civil Procedure impose a
disclosure obligation on the party that seeks to introduce testimony from expert witnesses. 
See Tex. R. Civ. P. 194.2(f), 194.3. In pertinent part, Rule 194.2 provides that upon a proper
request for disclosure, the responding party is required to disclose for testifying experts:

 (1) the expert's name, address, and telephone number;

 (2) the subject matter on which the expert will testify;

 (3) the general substance of the expert's mental impressions and
opinions and a brief summary of the basis for them, or if the
expert is not retained by, employed by, or otherwise subject to
the control of the responding party, documents reflecting such
information;

 (4) if the expert is retained by, employed by, or otherwise subject to
the control of the responding party:

 (A) all documents, tangible things, reports, models, or data
compilations that have been provided to, reviewed by, or
prepared by or for the expert in anticipation of the
expert's testimony; and

 (B) the expert's current resume and bibliography[.]


Tex. R. Civ. P. 194.2(f); see also Tex. R. Civ. P. 194.3. 

 With respect to Dr. Dunham, Marks's disclosure responses did not provide the general
substance of Dr. Dunham's mental impressions and opinions. While the response identified
a subject matter, it did not include the subject of Marks's alleged feigning of his mental
illness. Instead, Marks's disclosure of the subject matter of Dr. Dunham's testimony related
solely to Marks's competence to testify as a witness. Trial courts have discretion to exclude 
expert testimony when the subject matter and opinions related to the proposed testimony have
not been disclosed. See Tex. R. Civ. P. 193.6(a) (providing that the court may exclude
evidence when the material or information was not timely disclosed unless the court finds
good cause for the failure to make, amend or supplement the discovery response or finds that
the evidence will not unfairly surprise or prejudice the other party). 

 When the trial court made its ruling to exclude the evidence, Marks did not request
a finding or argue that good cause existed to excuse his failure to disclose the general
substance of Dr. Dunham's opinion testimony on Marks's feigning. In addition, prior to the
jury's verdict, Marks did not argue or attempt to show that the evidence would not unfairly
surprise or prejudice the State. "The burden of establishing good cause or the lack of unfair
surprise or unfair prejudice is on the party seeking to introduce the evidence or call the
witness. A finding of good cause or of the lack of unfair surprise or unfair prejudice must
be supported by the record." Tex. R. Civ. P. 193.6(b); see also Sharp v. Broadway Nat'l
Bank, 784 S.W.2d 669, 671 (Tex. 1990). 

 The trial court has discretion to determine whether or not a party calling a witness has
met its discovery burden, which required Marks to show "good cause," under these
circumstances. See Morris v. Short, 902 S.W.2d 566, 570 (Tex. App.-Houston [1st Dist.]
1995, writ denied); see also Am. Home Assurance Co. v. Lara, 967 S.W.2d 907, 910 (Tex.
App.-El Paso 1998, pet. denied) (no attempt to show good cause). An abuse of discretion
occurs only when a trial court's decision is "'arbitrary, unreasonable, and without reference
to guiding principles.'" Goode v. Shoukfeh, 943 S.W.2d 441, 446 (Tex. 1997) (citing
Mercedes-Benz Credit Corp. v. Rhyne, 925 S.W.2d 664, 666 (Tex. 1996)).

 Here, Marks failed to disclose the general substance of Dr. Dunham's mental
impressions and opinions with respect to the question of Marks's feigning a mental illness. 
Despite the fact that Dr. Dunham apparently stated an opinion regarding this subject in a pre-trial deposition, the State was entitled to go to trial and rely on the one subject identified by
Marks in his disclosure responses, which did not expressly incorporate the opinions of Dr.
Dunham that he might have expressed elsewhere. 

 Marks also asserts that he was not required to disclose the substance of Dr. Dunham's
opinions because his intent was to use Dr. Dunham's testimony to rebut the testimony of Dr.
Michael Arambula, the State's expert. First, we note that the State timely disclosed its intent 
to use Dr. Arambula as a witness in this case. In its disclosure, the State indicated that Dr.
Arambula's opinions were reflected in his deposition or report. Dr. Arambula's deposition
is not contained in the record before us, and we find no reference in the record indicating that
he authored a report. However, according to the record, Marks's attorneys took Dr.
Arambula's deposition on December 28, 2005. Based on the deposition notice in the record,
it also appears that Marks's attorneys received a copy of any report Dr. Arambula wrote on
this case, as well as a copy of his notes. At trial, Marks lodged no objection claiming any
surprise when Dr. Arambula testified that Marks, to some degree, was malingering. Further,
when Marks's attorneys made their bill of exceptions to the trial court's ruling, they did not
claim or present any evidence that they were surprised by Dr. Arambula's opinion regarding
Marks's malingering. Because the State disclosed Dr. Arambula's opinions, Marks could
reasonably have anticipated the need to rebut Dr. Armabula's testimony later at trial. See
Orkin Exterminating Co. v. Williamson, 785 S.W.2d 905, 910-11 (Tex. App.-Austin 1990,
writ denied).

 In general, rebuttal witnesses, whose use reasonably could have been anticipated, are
not exempt from the scope of the discovery rules. Moore v. Mem'l Hermann Hosp. Sys., Inc.,
140 S.W.3d 870, 875 (Tex. App.-Houston [14th Dist.] 2004, no pet.); Am. Bank of Waco v.
Waco Airmotive, Inc., 818 S.W.2d 163, 177 (Tex. App.-Waco 1991, writ denied); Walsh v.
Mullane, 725 S.W.2d 263, 264-65 (Tex. App.-Houston [1st Dist.] 1986, writ ref'd n.r.e.);
but see Aluminum Co. of Am. v. Bullock, 870 S.W.2d 2, 4 (Tex. 1994) (holding trial court
properly permitted party to use undesignated expert to rebut a material and unanticipated
change in testimony of the opposing party's expert). Rule 103 of the Rules of Evidence
placed the burden on Marks to prove that the opinions expressed at trial by Dr. Arambula
were not anticipated. See Tex. R. Evid. 103(b). Marks did not make this required showing. 


 In summary, Marks's responses to the requests for disclosure did not reveal that the
subject matter of Dr. Dunham's opinions included that Marks was not feigning his mental
illness. Because Marks neither requested a finding of good cause or a finding of no unfair
surprise or prejudice to the State prior to the time he rested, nor made an offer of proof to
show surprise, the record fails to demonstrate that the trial court abused its discretion in
excluding Dr. Dunham's proffered testimony. We hold Marks has failed to demonstrate that
the trial court abused its discretion in excluding Dr. Dunham's testimony. 

 After trial, Marks filed a motion for new trial in which he asserted for the first time
that the State was not unfairly surprised or prejudiced by Dr. Dunham's proffered testimony. 
Although the motion contained no allegation of newly discovered evidence, Marks argued
that the State was aware of Dr. Dunham's opinion on feigning because the State's attorney
solicited these opinions during Dr. Dunham's deposition prior to trial. Although Marks could
have raised this argument at trial, he did not.

 The trial court, by written order, denied Marks's motion for new trial. We review a
trial court's ruling on a motion for new trial under an abuse of discretion standard. See Dir.,
State Employees Workers' Comp. Div. v. Evans, 889 S.W.2d 266, 268 (Tex. 1994). The
Rules of Evidence require the offering party to, "as soon as practicable, but before the court's
charge is read to the jury, be allowed to make, in the absence of the jury, its offer of proof." 
Tex. R. Evid. 103(b). By waiting until he filed his motion for new trial to assert the
existence of "good cause" with respect to his offer of Dr. Dunham's deposition testimony
on feigning, Marks did not make his offer of proof "as soon as practicable." At that point,
the jury had delivered its verdict. We hold that the trial court did not abuse its discretion in
denying Marks's request for a new trial. Issue one is overruled.

Exclusion of Sara Smith's Testimony

 The State objected when Marks called Sara Smith as a witness at trial. Marks did not
list Smith as a witness in his disclosure responses. The trial court excluded her from
testifying before the jury. 

 Smith is a psychotherapist who works for the prison system. She began treating
Marks in December 2005. The bill of exceptions reflects that Smith held the opinion that
Marks was not feigning his mental illness. The bill of exceptions also reflects that Smith first
talked to Marks's attorneys the week prior to the trial. While this is relevant to show when
Marks's attorneys learned of Smith's existence, it is not evidence that Marks did not know
of Smith's existence.

 Because Smith was an undisclosed witness, the Rules of Civil Procedure required the
trial court to exclude her testimony unless Marks showed "good cause" or that the State
would not be unfairly surprised or prejudiced by the testimony. See Tex. R. Civ. P. 193.6. 
Further, if either the party or his attorney knows of the witness's existence, the witness's
identity should be disclosed. See Yeldell v. Holiday Hills Ret. & Nursing Ctr., Inc., 701
S.W.2d 243, 246 (Tex. 1985) (attorney knew of witness and thus, disclosure required);
Williams v. Union Carbide Corp., 734 S.W.2d 699, 701 (Tex. App.-Houston [1st Dist.]
1987, writ ref'd n.r.e.) (party's knowledge of witness required the witness's identity to be
disclosed). 

 In this case, Marks's attorneys argue that they were not aware of Smith's existence
until the week prior to the trial. However, they do not argue and the record does not show
that Marks, himself, was unaware of Smith's existence at a time when she could have been
timely designated in his disclosure responses. Moreover, Marks's argument that Smith was
a rebuttal witness does not alter his discovery burden. As we previously explained, the Rules
of Civil Procedure generally do not exempt rebuttal witnesses from the discovery
requirements and Marks failed to demonstrate that Dr. Arambula's testimony was
unanticipated. See Tex. R. Evid. 103(b); Moore, 140 S.W.3d at 875. Issue two is overruled.

Failure To Hold Gatekeeper Hearing

 Marks's attorneys requested a gatekeeper hearing when the State asked Dr. Arambula,
while testifying before the jury, whether in his opinion, "Mr. Marks has a behavioral
abnormality that makes him likely to engage in predatory acts of sexual violence?" At that
point, the State had already elicited Dr. Arambula's testimony showing his qualifications to
testify. Dr. Arambula had also already testified that Marks had a mental abnormality that
created an increased risk of offending in the community in a sexual manner. Additionally,
Dr. Arambula had previously stated his diagnoses that Marks suffered from "schizoaffective
disorder" and "paraphilia, not otherwise specified." Dr. Arambula had also explained that
Marks, by history, had a "substance dependence, predominately involving coke, cocaine, and
marijuana with formaldehyde." At that point, Dr. Arambula had testified that Marks had
been noncompliant with treatment and that Marks was to some degree malingering. Dr.
Arambula had also already discussed Marks's prior offenses and expressed the opinion that
Marks presented a risk of reoffending in a sexually violent manner even if he took
medication. 

 The purpose of a "gatekeeper hearing" is to allow the trial court to determine whether
an expert's opinions are relevant and reliable. E. I. du Pont de Nemours and Co., Inc. v.
Robinson, 923 S.W.2d 549, 558 (Tex. 1995). However, "when a reliability challenge
requires the court to evaluate the underlying methodology, technique, or foundational data
used by the expert, an objection must be timely made so that the trial court has the
opportunity to conduct this analysis." Coastal Trans. Co. v. Crown Cent. Petro. Corp., 136
S.W.3d 227, 233 (Tex. 2004). Here, Marks's request for a gatekeeper hearing was not timely
because it occurred after the substance of Dr. Arambula's opinions, as well as his
qualification to express such opinions, were before the jury. We find no error in the trial
court's refusal to hold a hearing at the point during trial that Marks, for the first time,
requested a "gatekeeper hearing." Issue three is overruled. Closing Argument

 In issue four, Marks complains that during closing argument the State improperly
characterized Marks's diagnosis as paraphilias, rather than paraphilia, not otherwise
specified. Marks also complains that the State argued during its closing argument that Marks
was so dangerous that the prison sent four guards to watch him. At trial, however, Marks did
not object to the State's closing argument. On appeal, Marks does not explain why
objections and jury instructions confining the State's argument to the record would have been
insufficient to cure any error in final argument.

 To obtain a new trial for improper jury argument, a party must prove that (1) the
argument was improper; (2) the argument was not invited or provoked; (3) the trial court
made an adverse ruling on an objection, requested instruction, or motion for mistrial; (4) the
improper argument was not curable; (5) the argument by its nature, degree and extent
constituted reversible error; and (6) the argument had a probable effect on a material finding. 
Standard Fire Ins. Co. v. Reese, 584 S.W.2d 835, 839-40 (Tex. 1979). 

 In this case, the jury heard Dr. Arambula's explanation of the term "paraphilia, not
otherwise specified," and his opinion that Marks had exhibited past instances of sadism,
exhibitionism and frotterism. In addition, the jury had before it evidence showing the prison
sentence Marks received for aggravated sexual assault and the date that sentence started. It
is obvious from the dates contained in the record that, at the time of trial, Marks had not yet
completed serving his prison sentence. The jury also heard Dr. Arambula's testimony that
he interviewed Marks in prison. 

 The Rules of Civil Procedure restrict attorneys "to confine the argument strictly to the
evidence and to the arguments of opposing counsel." Tex. R. Civ. P. 269(e). However,
"[t]here are only rare instances of incurable harm from improper argument." Reese, 584
S.W.2d at 839. Generally, an objection is required to preserve error. Tex. R. App. P. 33.1(a). 
We hold the general rule applies to the circumstances presented here and find that any
impropriety in the State's arguments could have been cured by appropriate instructions. 
Because Marks failed to object, he preserved no error regarding the State's jury argument. 
We overrule issue four. 

 Having overruled all of Marks's issues, we affirm the judgment and order of civil
commitment. 

 AFFIRMED.


 _________________________________

 HOLLIS HORTON

 Justice


Submitted on April 3, 2007

Opinion Delivered July 12, 2007

Before McKeithen, C.J., Gaultney and Horton, JJ.

1. The Sexually Violent Predator Act is located in Title 11, Chapter 841 of the Texas
Health and Safety Code. See Tex. Health & Safety Code Ann. §§ 841.001-.150 (Vernon
2003 & Supp. 2006). 
2. The statute requires the trial court to conduct a biennial review of the status of
committed persons and to set a hearing if (1) the court determines that the requirements
imposed on the sexually violent predator should be changed, or (2) probable cause exists to
show that the person is no longer likely to engage in a predatory act of sexual violence. See
Tex. Health & Safety Code Ann. § 841.102 (Vernon 2003).
3. The trial court serves as an evidentiary gatekeeper to screen out irrelevant and
unreliable expert testimony. See E.I. du Pont de Nemours and Co. v. Robinson, 923 S.W.2d
549, 558 (Tex. 1995).