In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-13-00539-CV**
_____

**IN RE COMMITMENT OF JAMES LEE RICHARD**

**On Appeal from the 435th District Court**
**Montgomery County, Texas**
**Trial Cause No. 13-03-03279 CV**

**MEMORANDUM OPINION**

The State of Texas filed a petition to commit James Lee Richard as a sexually violent predator. *See* Tex. Health & Safety Code Ann. §§ 841.001-.151 (West 2010 & Supp. 2013). A jury found that Richard is a sexually violent predator and the trial court rendered a final judgment and an order of civil commitment. In five appellate issues, Richard challenges: (1) the legal and factual sufficiency of the evidence to support the jury's verdict; (2) the denial of his motion to amend his witness list; (3) the denial of his request to have an attorney present during the State's post-petition expert examination; and (4) the trial court's

1

granting of the State's motion for a directed verdict. We affirm the trial court's judgment and order of civil commitment.

## Sufficiency of the Evidence

In issues one and two, Richard contends that the evidence is legally and factually insufficient to support a finding that he is a sexually violent predator. Under legal sufficiency review, we assess all the evidence in the light most favorable to the verdict to determine whether any rational trier of fact could find, beyond a reasonable doubt, the elements required for commitment under the SVP statute. *In re Commitment of Mullens*, 92 S.W.3d 881, 885 (Tex. App.—Beaumont 2002, pet. denied). It is the factfinder's responsibility to fairly resolve conflicts in the testimony, weigh the evidence, and draw reasonable inferences from basic facts to ultimate facts. *Id.* at 887. Under factual sufficiency review, we weigh the evidence to determine "whether a verdict that is supported by legally sufficient evidence nevertheless reflects a risk of injustice that would compel ordering a new trial." *In re Commitment of Day*, 342 S.W.3d 193, 213 (Tex. App.—Beaumont 2011, pet. denied).

In an SVP case, the State must prove, beyond a reasonable doubt, that a person is a sexually violent predator. Tex. Health & Safety Code Ann. § 841.062(a) (West 2010). A person is a "sexually violent predator" if he is a repeat

2

sexually violent offender and suffers from a behavioral abnormality that makes him likely to engage in a predatory act of sexual violence. *Id*. § 841.003(a) (West Supp. 2013). A "behavioral abnormality" is "a congenital or acquired condition that, by affecting a person's emotional or volitional capacity, predisposes the person to commit a sexually violent offense, to the extent that the person becomes a menace to the health and safety of another person." *Id*. § 841.002(2) (West Supp. 2013). "A condition which affects either emotional capacity or volitional capacity to the extent a person is predisposed to threaten the health and safety of others with acts of sexual violence is an abnormality which causes serious difficulty in behavior control." *In re Commitment of Almaguer*, 117 S.W.3d 500, 506 (Tex. App.—Beaumont 2003, pet. denied).

During trial, the jury heard Richard admit to (1) having multiple arrests for various offenses; (2) being convicted of first degree sexual abuse, sexual assault, and several non-sexual offenses; (3) using drugs and alcohol, (4) believing that he no longer has a substance abuse problem; (4) receiving major disciplinary cases in prison, including a case for sexual misconduct; (5) believing that he does not need sex offender treatment; (6) having a violent past that includes violating a protective order; and (7) having trouble controlling his anger. Richard testified that he did not

physically harm either of the victims in his sexual assault cases. He did not believe that he is at any risk of reoffending and he explained that he can control his anger.

Dr. Michael Arambula, a medical doctor, testified that Richard has a behavioral abnormality that makes him likely to engage in a predatory act of sexual violence. He diagnosed Richard with mood disorder, paraphilia not otherwise specified with sadistic features, sexual deviance, and personality disorder not otherwise specified with antisocial features. Arambula explained that Richard's risk factors include sexual deviance, antisocial personality, denial, physical force, multiple acts with the victims, number of victims, demeaning attitude towards women, commission of an offense while under supervision, commission of an offense after incarceration and after participation in sex offender treatment, history of substance abuse, criminal history, poor institutional adjustment, and mood disorder. He testified that Richard's sexual deviance is evidence that his emotional and volitional capacity has been affected. Accordingly, he believed that Richard is a high risk for re-offense.

Dr. Darrel Turner, a clinical psychologist, testified that Richard does not suffer from a behavioral abnormality. Turner diagnosed Richard with mood disorder not otherwise specified. He conducted actuarial testing and testified that Richard scored sixteen on the Hare PCL-R, meaning Richard has some

psychopathic traits, and that Richard scored positive three on the Static-99R, placing Richard in the low to moderate range of re-offense. Turner identified the following risk factors: history of violent and criminal behavior, including two violent sexual offenses, institutional infractions, history of substance abuse, and a large degree of antisocial traits. He also identified protective factors: participation in sex offender treatment, social support, honorable discharge from the military, maintenance of a business, lack of stranger victims, lack of sexual deviance, and age.

On appeal, Richard contends that central to Arambula's opinion are his diagnoses of sexual deviance and paraphilia not otherwise specified with sadistic features; but, according to Richard, Arambula presented no testimony to establish that Richard currently has "intensely recurrent sexually arousing fantasies or urges generally involving nonconsenting persons." He further contends that a finding based on his past offenses is "against the great weight and preponderance of the evidence and clearly wrong."

"A medical diagnosis of a person's mental health may certainly inform an assessment of whether he has an SVP's behavioral abnormality, but the principal issue in a commitment proceeding is not a person's mental health but whether he is predisposed to sexually violent conduct." *In re Commitment of Bohannan*, 388

5

S.W.3d 296, 306 (Tex. 2012) *cert. denied*, 133 S.Ct. 2746 (2013). Accordingly, Arambula was not required to make any mental diagnosis in this case. Nevertheless, he testified that a paraphilia not otherwise specified diagnosis means that the person's behavior does not meet all the criteria of a specific paraphilia. Arambula explained that he would expect to find intense and persistent sexual interests if Richard had a discrete diagnosis and because Richard's first and second sexual offenses were separated by ten years, he did not give Richard a discrete paraphilia diagnosis.

In addition to Arambula's opinion that Richard has a behavioral abnormality that makes him likely to engage in predatory acts of sexual violence, the jury also heard evidence of Richard's risk factors, criminal history, sexual offenses, and other diagnoses. The jury was entitled to infer Richard's current dangerousness based on Arambula's testimony, Richard's past behavior, and Richard's own testimony. *See In re Commitment of Wilson*, No. 09-08-00043-CV, 2009 Tex. App. LEXIS 6714, at *14 (Tex. App.—Beaumont Aug. 27, 2009, pet. denied) (mem. op.). As sole judge of the weight and credibility of the evidence, the jury could reasonably conclude that Richard suffers from a behavioral abnormality that makes him likely to engage in a predatory act of sexual violence. *Mullens*, 92 S.W.3d at 887.

Viewing the evidence in the light most favorable to the verdict, a rational jury could have found, beyond a reasonable doubt, that Richard is a sexually violent predator; thus, the evidence is legally sufficient. *See* Tex. Health & Safety Code Ann. § 841.062(a); *see also Kansas v. Crane*, 534 U.S. 407, 413 (2002); *Mullens*, 92 S.W.3d at 885. Weighing all of the evidence, the verdict does not reflect a risk of injustice that would compel ordering a new trial. *See Day*, 342 S.W.3d at 213. We overrule issues one and two.

## Motion to Amend

In issue three, Richard contends that the trial court improperly denied his motion to amend his witness list. The trial court's docket control order required the parties to designate fact witness lists by July 8, 2013. On September 5, 2013, four days before trial, Richard filed a motion for leave to amend his witness list to add A.A., the complainant in one of Richard's prior sexual offenses, as a witness to testify to Richard's character and her relationship with Richard. The trial court denied Richard's request to add A.A. as a witness. We will review the trial court's decision for abuse of discretion. *See In re Commitment of Perez*, No. 09-12-00132-CV, 2013 Tex. App. LEXIS 1866, at *13 (Tex. App.—Beaumont Feb. 28, 2013, pet. denied) (mem. op.).

7

A party who fails to amend his list of fact witnesses in a timely manner may not introduce in evidence the testimony of a witness, other than a named party, who was untimely identified, unless the party shows that: (1) there was good cause for the failure to timely amend; or (2) the failure to timely amend will not unfairly surprise or prejudice the other party. Tex. R. Civ. P. 193.6(a), (b). According to Richard's motion for leave to amend, he first became aware of A.A.'s availability on September 4, after previous unsuccessful attempts to locate A.A. Richard told the trial court that he only knew of A.A.'s pseudonym and not her real name. The record indicates that Richard was aware of A.A.'s existence and he could have identified A.A. as a potential witness by listing her pseudonym. Accordingly, we conclude that Richard did not establish good cause for his failure to timely amend his witness list to include A.A. as a potential witness. *See* Tex. R. Civ. P. 193.6(a), (b); *see also In re Commitment of Marks*, 230 S.W.3d 241, 246 (Tex. App.— Beaumont 2007, no pet.) ("[I]f either the party or his attorney knows of the witness's existence, the witness's identity should be disclosed.").

Because A.A. was the complainant in one of his prior offenses, Richard also argued that the State would not be unfairly surprised or prejudiced by an untimely amendment to include A.A. as a witness. According to Richard, A.A. filed an affidavit of non-prosecution after the offense and she would testify to Richard's

character and her relationship with Richard, but would not attack the conviction. The purpose of a civil commitment proceeding is not to challenge the respondent's criminal convictions. *See In re Commitment of Briggs*, 350 S.W.3d 362, 368-69 (Tex. App.—Beaumont 2011, pet. denied). The trial judge could reasonably believe that A.A.'s proffered testimony could have left the jury with the impression that the offense was in fact being challenged. The State was not on notice that Richard intended to call the victim of one of his sexual offenses as a witness to offer testimony outside the scope of an SVP proceeding. *See Cunningham v. Columbia/St. David's Healthcare Sys., L.P.*, 185 S.W.3d 7, 14 (Tex. App.—Austin 2005, no pet.) (Even when a party knows the substance of a witness's testimony, the non-designated witness should not be permitted to testify because the party is not on notice that the witness will be called to testify and, thus, cannot adequately prepare.). Therefore, we conclude that the trial court did not abuse its discretion by denying Richard's motion for leave to amend his witness list. We overrule issue three.

Right to Counsel

In issue four, Richard complains of the denial of his request to have an attorney present at the pre-trial expert examination. We have held that neither the SVP statute nor the Fourteenth Amendment requires that counsel be present during

9

a psychiatrist's post-petition examination. *See In re Commitment of Smith*, 422 S.W.3d 802, 807 (Tex. App.—Beaumont 2014, pet. denied). Richard argues that *Smith* was based solely on a concession by Smith that the SVP statute defines a civil commitment proceeding as a "trial or hearing" and does not appear to encompass a pre-trial psychiatric examination. *Id*. at 806. In *Smith*, we merely noted that Smith made this concession, and we did not base our holding on that concession alone. *Id*. at 804-07. Additionally, we have followed *Smith* in other cases and we decline to revisit our ruling. *See In re Commitment of Speed*, No. 09-13-00488-CV, 2014 Tex. App. LEXIS 4444, at *2 (Tex. App.—Beaumont Apr. 24, 2014, pet. filed) (mem. op.); *see also In re Commitment of Lemmons*, No. 09-13-00346-CV, 2014 Tex. App. LEXIS 3888, at **1-2 (Tex. App.—Beaumont Apr. 10, 2014, no pet. h.) (pet. filed). For the reasons discussed in *Smith*, we overrule Richard's fourth issue.

## Directed Verdict

In issue five, Richard challenges the trial court's decision to grant the State's motion for directed verdict regarding whether Richard is a repeat sexually violent offender. Richard argues there is a conflict between the Texas Rules of Civil Procedure, which allow for a directed verdict, and the SVP statute, which provides that in a jury trial, the "jury shall determine whether, beyond a reasonable doubt,

10

the person is a sexually violent predator." Tex. Health & Safety Code Ann. § 841.062(a); *see* Tex. R. Civ. P. 268. Because the SVP statute controls when in conflict with the Texas Rules of Civil Procedure, Richard contends that the trial court erroneously granted the State's motion for a directed verdict. *See* Tex. Health & Safety Code Ann. § 841.146(b) (West 2010).

This Court has held that a civil commitment proceeding is generally subject to the rules of procedure for civil cases and the trial court may grant a partial directed verdict to remove a certain portion of a case from the factfinder. *In re Commitment of Scott*, No. 09-11-00555-CV, 2012 Tex. App. LEXIS 8866, at \*\*4-5 (Tex. App.—Beaumont Oct. 25, 2012, no pet.); *see In re Commitment of Martinez*, No. 09-12-00452-CV, 2013 Tex. App. LEXIS 13512, at \*12 (Tex. App.— Beaumont Oct. 31, 2013, no pet.) (mem. op.). In *Lemmons*, we addressed an argument virtually identical to Richard's complaint and we found "no conflict between the SVP statute and the Rules of Civil Procedure that precludes the granting of a directed verdict in a jury trial when no evidence of probative value raises an issue of material fact on the question presented." *Lemmons*, 2014 Tex. App. LEXIS 3888, at \*8. We, therefore, overrule issue five and affirm the trial court's judgment.

AFFIRMED.

                                    _____

                                      STEVE McKEITHEN
                                         Chief Justice

Submitted on May 29, 2014
Opinion Delivered June 26, 2014

Before McKeithen, C.J., Kreger and Johnson, JJ.